
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KOSTYANTYN OLEKSANDROVYCH BULANOV,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-71604<br><br>Agency No. A098-131-865<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2014**
San Francisco, California

Before: BERZON and RAWLINSON, Circuit Judges, and BUCKLO, Senior
District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Elaine E. Bucklo, Senior District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

Kostyantyn Oleksandrovych Bulanov petitions for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal of an immigration judge's (IJ) decision denying his claims for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We deny the petition.

"Where, as here, the BIA conducts its own review of the evidence and law, 'our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Antonyan v. Holder*, 642 F.3d 1250, 1254 (9th Cir. 2011) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "We will 'reverse the BIA's decision that an applicant is ineligible for asylum only if a reasonable fact-finder would have to conclude that the requisite fear of persecution existed.'" *Nagoulko v. I.N.S.,* 333 F.3d 1012, 1015 (9th Cir. 2003) (quoting *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir. 2000)).

1. Substantial evidence supports the BIA's conclusion that Bulanov failed to establish past persecution. His experiences, and those of his family and his churches, individually or collectively, do not compel the conclusion that Bulanov suffered past persecution. *See id.* at 1016-18.

2. Substantial evidence also supports the BIA's conclusion that Bulanov failed to established a well-founded fear of future persecution. Even in the case of conscientious objectors, "forced conscription or punishment for evasion of military

duty generally does not constitute persecution." *Zehatye v. Gonzales*, 453 F.3d 1182, 1187 (9th Cir. 2006). Further, Bulanov presented no evidence that would compel the conclusion that the Ukranian government "would target him for conscription or punishment on account of his religion." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005). Bulanov also pointed to no "'credible, direct, and specific evidence'" that would compel the conclusion that he will be persecuted on account of his religion independently of conscription or punishment for evasion. *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (quoting *Duarte de Guinac v. INS,* 179 F.3d 1156, 1159 (9th Cir. 1999)).

3. Because the standard for withholding is "more stringent than the well-founded fear standard governing asylum," Bulanov also fails to qualify for withholding. *Zehatye*, 453 F.3d at 1190 (internal quotation marks omitted).

4. Finally, substantial evidence supports the BIA's conclusion that Bulanov "has not shown past torture or established that it is more likely than not that he would be tortured in the future by or with the acquiescence of a public official or other person acting in an official capacity for the Ukranian government." *See Go v. Holder*, 640 F.3d 1047, 1054 (9th Cir. 2011).

**PETITION DENIED.**

3